IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEVIN TERRANCE COIT,** : | |
|     **Plaintiff** : | |
| : | No. 1:22-cv-01567 |
|     v. : | |
| : | (Judge Kane) |
| **R. MARSH, et al.,** : | |
|     **Defendants** : | |

**MEMORANDUM**

Pending before the Court are pro se Plaintiff Kevin Terrance Coit ("Plaintiff")'s motions to amend or supplement his complaint. (Doc. Nos. 15, 16.) For the reasons set forth below, the Court will deny the motions.

**I.  BACKGROUND**

Plaintiff, a state prisoner in the custody of the Pennsylvania Department of Corrections ("DOC"), is currently incarcerated at State Correctional Institution Rockview in Bellefonte, Pennsylvania. (Doc. No. 19 at 1.) On October 6, 2022, Plaintiff commenced the above-captioned action by filing a complaint pursuant to the provisions of 42 U.S.C. § 1983, asserting violations of his constitutional rights while incarcerated at State Correctional Institution Frackville ("SCI Frackville") in Frackville, Pennsylvania. (Doc. No. 1.) In his complaint, Plaintiff named nine (9) individuals as Defendants, all of whom appear to be employed by the DOC and to have worked at SCI Frackville during the period of time relevant to Plaintiff's claims. (Id. at 1, 2–3.) In addition, Plaintiff asserted various allegations against Defendants concerning, inter alia, his mental health treatment, the conditions of his confinement, the excessive force that was allegedly used against him, and the retaliation he allegedly suffered for pursuing his administrative remedies. (Id. at 4–8.)

On December 7, 2022, the Court, inter alia, deemed the complaint filed and directed service of the complaint upon Defendants. (Doc. No. 11.) On December 20, 2022, counsel entered his appearance for Defendants and waived service on their behalf. (Doc. Nos. 13, 14.) Thereafter, on January 4 and 13, 2023, Plaintiff filed a motion to supplement his complaint (Doc. No. 15) and a motion to amend or supplement his complaint (Doc. No. 16), along with a proposed amended complaint (Doc. No. 16-1). The proposed amended complaint is lengthier than the original complaint and seeks to expand the number of Defendants that have been named in this litigation. More specifically, the proposed amended complaint names seventeen (17) defendants (Doc. No. 16-1 at 1, 2–3), as opposed to the nine (9) defendants named in the original complaint. In addition, the proposed amended complaint is thirty (30) pages in length (id. at 1-30), as opposed to the original complaint, which is only eight (8) pages in length. Finally, the proposed amended complaint greatly expands upon the factual allegations in this action, and it concerns numerous events that allegedly occurred at SCI Frackville, beginning on August 1, 2022, and ending approximately five (5) months later on January 5, 2023. (Id. at 4–27.)

In response to Plaintiff's motions and proposed amended complaint, Defendants filed a motion requesting that their obligation to respond to the original complaint, or the amended complaint should Plaintiff's motions be granted by the Court, be extended until the Court has ruled upon Plaintiff's motions to amend or supplement his original complaint. (Doc. No. 18 at 2.) In support of their motion for an extension of time, Defendants argued that this would promote the efficient use of judicial and public resources and would not prejudice Plaintiff in any way. (Id.) The Court agreed, and, on March 9, 2023, the Court granted Defendants' motion and stayed their response pending resolution of Plaintiff's pending motions. (Doc. No. 21.)

Although Defendants previously asserted, in their motion for an extension of time, that Plaintiff's proposed amended complaint is far lengthier and seeks to expand the cohort of named Defendants, they have not filed a brief in opposition to Plaintiff's motions or proposed amended complaint, and the time period for doing so has passed.  Thus, Plaintiff's motions are ripe for the Court's resolution.

## II.   DISCUSSION

The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits."  See Foman v. Davis, 371 U.S. 178, 182 (1962) (citation and internal quotation marks omitted).  Indeed, Rule 15(a) provides that leave to amend should be freely given "when justice so requires."  See Fed. R. Civ. P. 15(a).  However, a court may deny leave to amend where there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment[.]"  See id.  The Court may also deny leave to amend where the proposed amendment would be futile—that is, where the pleading, "as amended, would fail to state a claim upon which relief could be granted."  See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) (citations and internal quotation marks omitted).

For the reasons discussed below, the Court will deny Plaintiff's motions to amend or supplement his original complaint because such an amendment would be futile here—that is, his proposed amended complaint is subject to dismissal for failure to comply with the Federal Rules of Civil Procedure—specifically, Rules 8 and 20.

### A.     Rule 8 of the Federal Rules of Civil Procedure

Rule 8 of the Federal Rules of Civil Procedure sets forth the general rules of pleading. See Fed. R. Civ. P. 8. Rule 8(a) requires a pleading to contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" See Fed. R. Civ. P. 8(a)(2). In addition, Rule 8(d)(1) requires that "[e]ach allegation . . . be simple, concise, and direct." See Fed. R. Civ. P. 8(d)(1). Generally speaking, these Rules require a plaintiff to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). This pleading standard requires more than legal labels and conclusory assertions: a complaint must include enough facts "to raise a right to relief above the speculative level[.]" See Twombly, 550 U.S. at 555 (citations omitted).

Here, the Court finds that Plaintiff's proposed amended complaint fails to meet this basic pleading standard. More specifically, Plaintiff's proposed amended complaint is not concise, and the factual narrative underpinning his Section 1983 claims spans over five (5) months and involves seventeen (17) different employees at SCI Frackville. (Doc. No. 16-1 at 2–3.) In addition, while the allegations in Plaintiff's proposed amended complaint are presented in chronological order, they jump back and forth between the numerous Defendants and the different factual scenarios, and they offer little more than a disconnected summary of isolated events that allegedly occurred during this five (5)-month period at SCI Frackville. See, e.g., (id. at 4–6 (discussing various incidents that allegedly occurred throughout August of 2022, concerning Plaintiff's mental health issues, mental health treatment, and medical care); id. at 4, 6 (asserting that he was allegedly retaliated against for pursuing his administrative remedies and filing lawsuits); id. (alleging that excessive force was used against him via oleoresin capsicum

4

spray); id. at 5, 7, 9, 11, 12 (complaining about various conditions of his confinement in August, September, October, and November of 2022); id. at 8, 11 (asserting allegations about the food/meals he received in September and October of 2022); id. at 24 (discussing legal mail that was in his cell in December of 2022); id. at 6, 12 (challenging misconducts he received in August and November of 2022); id. 7, 11, 13–27 (setting forth allegations concerning his efforts to pursue his administrative remedies from August of 2022 to January of 2023)).[1]

Additionally, Plaintiff's proposed amended complaint does not identify the specific legal theories supporting each of the isolated events alleged therein. Instead, Plaintiff's proposed amended complaint generally claims as follows: "1. equal protection, 2. intimate association, 3. cruel and unusual punishment, 4. due process, 5. procedural due process, 6. unconstitutional conditions of confinement, 7. retaliation, 8. denial of access to the courts, 9. solicitation of suicide, 10. intentional infliction of emotional distress, 11. civil conspiracy, [and] 12. excessive force." (Id. at 2.) Plaintiff's failure, however, to tie these various claims to his numerous alleged incidents has made it extremely difficult for the Court to discern which claims have been asserted against which Defendants.

Accordingly, for all of these reasons, the Court concludes that Plaintiff's proposed amended complaint is subject to dismissal for its failure to satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure. As discussed below, the Court further concludes that Plaintiff's proposed amended complaint is also subject to dismissal for failure to comply with Rule 20 of the Federal Rules of Civil Procedure.

---

[1] The Court notes that these are just some examples of the allegations in Plaintiff's amended complaint.

### B. Rules 18 and 20 of the Federal Rules of Civil Procedure

Rules 18 and 20 of the Federal Rules of Civil Procedure explain the circumstances in which multiple claims and multiple defendants may be joined in a single action. Rule 18 provides that "[a] party asserting a claim . . . may join . . . as many claims as it has against an opposing party." See Fed. R. Civ. P. 18(a). In other words, when an action pertains to only one defendant, a plaintiff may assert every claim that he has against that defendant, regardless of whether the plaintiff's claims are factually or legally related to one another, subject to the limitations of federal subject-matter jurisdiction. See 7 Charles Alan Wright & Arthur Miller, et al., Federal Practice & Procedure § 1582 (3d ed.); see also Fed. R. Civ. P. 18(a).

When, however, a plaintiff seeks to join multiple defendants in a single action, Rule 20 becomes relevant. See Fed. R. Civ. P. 20; Wright & Miller, supra, § 1655. More specifically, Rule 20 governs permissive joinder of parties and provides that a plaintiff may only join multiple defendants in a single action if (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences[,]" and (2) "any question of law or fact common to all defendants will arise in the action." See Fed. R. Civ. P. 20(a)(2).

Thus, notwithstanding the broad joinder-of-claims language of Rule 18(a), a plaintiff may join multiple defendants in a single action only if the plaintiff asserts at least one claim connecting all defendants that (1) arises out of the same transaction or occurrence and that (2) involves a common question of law or fact. See id.; Wright & Miller, supra, § 1655. In other words, there must be at least one common claim against all of the named defendants. Once a plaintiff satisfies this requirement, he may invoke Rule 18 to assert "as many claims as [he] has" against one or more defendants, even if those additional claims are unrelated to the common

claim linking all of the defendants. See Fed. R. Civ. P. 18(a); Wright & Miller, supra, § 1655. And, finally, while "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties[,]" Hagan v. Rogers, 570 F.3d 146, 153 (3d Cir. 2009) (citation and internal quotation marks omitted), this impulse in favor of joinder does not allow separate, unrelated claims to be joined in single action against multiple defendants.

Applying these principles here, the Court finds that Plaintiff's proposed amended complaint fails to comply with Rule 20. More specifically, the Court is unable to discern a single claim in his proposed amended complaint that properly connects all of the named Defendants. For instance, there is no apparent connection between the various isolated incidents that span from August 1, 2022, to January 5, 2023, concerning, inter alia, Plaintiff's mental health issues, his mental health treatment and medical care, the conditions of his confinement, the excessive force that was allegedly used against him, the misconducts he received, the legal mail in his cell, or the retaliation he allegedly suffered for filing grievances and lawsuits. Thus, under Rule 20, the Court concludes that Plaintiff's disconnected and unrelated claims cannot proceed against the numerous Defendants that he has named in the proposed amended complaint.

Finally, the Court notes that Plaintiff's noncompliance with Rule 20 is particularly problematic in light of the Prison Litigation Reform Act ("PLRA"). Under the PLRA, the full filing fee must ultimately be paid by a prisoner-plaintiff in a non-habeas action. Thus, allowing a prisoner-plaintiff to include a number of independent and unrelated claims in a single civil action without making the required connection among the joined defendants under Rule 20 would, effectively, evade the filing fee requirement of the PLRA. See, e.g., George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (explaining that "[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi]-claim, [multi]-defendant

suit produce[s] but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees" (citing 28 U.S.C. § 1915(g))); Sanders v. Rose, 576 F. App'x 91, 94 (3d Cir. 2014) (unpublished) (concluding that the district court did not abuse its discretion when it directed the prisoner-plaintiff to amend his original complaint in order to comply with the Federal Rules of Civil Procedure because the plaintiff had included a number of separate, independent claims against the defendants, which would have circumvented the filing fee requirement of the PLRA (citing George, 507 F.3d at 607)).[2]

### III.   CONCLUSION

Accordingly, for all of the foregoing reasons, the Court will deny Plaintiff's motions to amend or supplement his complaint. (Doc. Nos. 15, 16.) An appropriate Order follows.

---

[2] The Court has cited this non-precedential opinion ("NPO") from the United States Court of Appeals for the Third Circuit. The Court notes that this NPO contains persuasive reasoning and, thus, it has been used as a paradigm of legal analysis. See New Jersey, Dep't of Treasury, Div. of Inv. v. Fuld, 604 F.3d 816, 823 (3d Cir. 2010) (observing that an NPO "is only as persuasive as its reasoning"); Drinker v. Colonial Sch. Dist., 78 F.3d 859, 864 n.12 (3d Cir. 1996) (looking to a factually similar NPO "as a paradigm of the legal analysis").